# THE DISTRICT COURT OF GUAM

|  |  |
|---|---|
| SHERIF ANTOUN PHILIPS, M.D., | CIVIL CASE NO. 22-00014 |
| Plaintiff, | |
| vs. | **ORDER** |
| GUAM COURTS, | |
| Defendant. | |

Before the court is Real Party in Interest[1] Judiciary of Guam's Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1), Insufficient Process Under Rule 12(b)(4) and Failure to State a Claim Under Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 6). Defendant makes its motion pursuant to Federal Rule of Civil Procedure 12(b)(1), (4), and (6). Mot. at 1–2, ECF No. 6.

## I.  BACKGROUND

Plaintiff Sherif Antoun Philips previously filed suits in this court as well as the U.S. District Court for the Eastern District of North Carolina concerning the same events that underlie

---

[1] Plaintiff named the defendant as "Guam Courts." The Judiciary of Guam has identified itself as the Real Party in Interest for "Guam Courts." *See* ECF Nos. 4 & 5. Hereinafter this order shall refer to Real Party in Interest Judiciary of Guam as "Defendant."

this lawsuit. All of those cases were dismissed. *See Philips v. Pitt Cty. Mem'l Hosp., Inc.*, 503 F. Supp. 2d 776 (E.D.N.C. 2007); *Philips v. Pitt Cty. Mem'l Hosp., Inc.*, 503 F. Supp. 2d 785 (E.D.N.C. 2007), *aff'd* 572 F.3d 176 (4th Cir. 2009); *Philips v. Pitt Cty. Mem'l Hosp., Inc.*, CIVIL CASE NO. 18-00046, 2019 WL 5963927 (D. Guam Nov. 13, 2019), *aff'd*, 855 F. App'x 324 (Mem.) (9th Cir. 2021), *cert. denied*, 142 S. Ct. 2710 (Mem.) (2022). For a full discussion of those events, see *Philips v. Pitt County Memorial Hospital, Inc.*, CIVIL CASE NO. 18-00046, 2019 WL 4794514, at *1–*2 (D. Guam Sept. 30, 2019).

In this new complaint, Plaintiff details his litigation against Pitt County Memorial Hospital in the Superior Court of Guam and his subsequent appeals to the Supreme Court of Guam and Ninth Circuit Court of Appeals. *See* Compl. at 1–10, ECF No. 1. This convoluted procedural history includes the Superior Court of Guam's granting of summary judgment against Plaintiff, Compl. ¶ 9, ECF No. 1, the Supreme Court of Guam's dismissal of Plaintiff's appeal, Compl. ¶ 31, ECF No. 1, and the Ninth Circuit's denial of Plaintiff's appeal for lack of personal jurisdiction, Compl. ¶ 45, ECF No. 1. Plaintiff then asks the court "for relief of all orders" and to "Set Aside Judgement," without specifying which orders or judgment. *Id.* at 27.

## II. DISCUSSION

### 1. Applicable Legal Standard

Federal Rule of Civil Procedure 12(b) provides that, in response to a claim for relief, a party may assert a defense of lack of subject-matter jurisdiction by way of motion. FED. R. CIV. P. 12(b)(1). Where, as here, there is a "facial" challenge accepting the truth of the plaintiff's allegations but asserting that they are insufficient on their face to invoke federal jurisdiction, the court applies the legal standard governing motions to dismiss under Rule 12(b)(6). *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)). Accordingly, "[a]ccepting the plaintiff's allegations as true and drawing all reasonable

inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id*.

### 2. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine derives from two U.S. Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit has described the routine application of the doctrine as follows:

> A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. *In neither case may the disappointed party appeal to a federal district court, even if a federal question is present* or if there is diversity of citizenship between the parties.

*Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003) (emphasis added). The doctrine not only applies to a direct appeal, but also to its "de facto equivalent," i.e., "when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Id*. at 1163; *see also Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012). The Ninth Circuit has further held that the *Rooker-Feldman* doctrine applies to interlocutory state court decisions. *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

Here, Plaintiff complains that the Superior Court of Guam "botched [his] case and offended the basic principle of Due Process, Fifth Amendment and Fourteenth Amendment[.]" Compl. at 11, ECF No. 1. After the Supreme Court and Ninth Circuit refused to provide Plaintiff the relief he sought, Plaintiff now asks this court to compel the Superior Court of Guam to set aside its ruling. *Id.* at 27. This case falls squarely within the ambit of *Rooker-Feldman* as Plaintiff complains of a legal wrong allegedly committed by the Superior Court of Guam and

seeks relief from its granting of summary judgment against Plaintiff. Accordingly, this court is precluded from exercising jurisdiction over this case pursuant to the *Rooker-Feldman* doctrine.

### III. CONCLUSION

Based on the foregoing, as Plaintiff is essentially seeking appellate review of the Superior Court of Guam's decision, the Motion to Dismiss is GRANTED and the court DISMISSES the Complaint for lack of jurisdiction. All other legal arguments raised by Defendant in its motion to dismiss have been considered, but the court will not address them as it has already found it lacks jurisdiction. Those arguments are therefore moot. Plaintiff's "Mandate To Transfer To Ninth Circuit Court of Appeal" (ECF No. 10) is DENIED as moot.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Dec 09, 2022**